IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WINFRED VELTMAN,<br><br>   Plaintiff,<br><br><br><br>   vs.<br><br><br>JO ANNE B. BARNHART, Commissioner of the Social Security Administration,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL<br><br><br><br><br>Case No. 2:04-CV-993 TS |

This matter came before the Court for oral argument on July 11, 2006, on Plaintiff's appeal of Defendant's administrative decision which denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI").  At the close of the hearing, the Court took this matter under advisement.  Having considered the arguments of counsel, the briefs submitted by the parties, the materials in the file, and being otherwise fully informed, the Court finds that the number of jobs identified by the Vocational Expert ("VE") is sufficiently large to establish the requisite numerical significance.  The Court will, however, remand this matter because the Administrative Law Judge ("ALJ") failed to adequately discuss the opinions of Mr. Veltman's treating physician, Dr. Hallett.

1

## I.  STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to determining whether her findings are supported by substantial evidence and whether the correct legal standards were applied.[1]  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[2]  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3]  The ALJ is required to consider all of the evidence, although he or she is not required to discuss all of the evidence.[4]

The Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[5]  However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the ALJ's.[6]

## II.  DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining disability.[7]  The five steps are: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets or equals the

---

[1]*Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2]*Richardson v. Perales*, 402 U.S. 389, 402 (1981).

[3]*Clifton v. Chater*, 79 F.3d 1007, 1009 (10th  Cir. 1996).

[4]*Id.*

[5]*Shepard v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[6]*Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[7]*See* 20 C.F.R. § 404.1520(a)-(f).

criteria for an impairment listed in Appendix 1 of 20 C.F.R. Subpt. P; (4) whether the impairment prevents the claimant from performing her past relevant work; and (5) whether the impairment prevents the claimant from performing other work.  The burden is on the Plaintiff to meet the first four steps.  However, if Plaintiff does meet all four, the burden shifts to the Commissioner to establish that there are other jobs existing in a significant number in the national economy which Plaintiff is capable of performing.

In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date he alleged he became disabled and the he suffers from severe impairments.  The ALJ found, at step three, that Plaintiff's conditions do not meet or equal a listed impairment. The ALJ found that Plaintiff could not return to any of his past relevant work.  Finally, the ALJ found that Plaintiff was not disabled because he could return to work at other jobs.  The ALJ's findings at steps one through four are not in dispute in this appeal.

In his appeal, Plaintiff raises the following issues: (1) whether the Commissioner's denial of Plaintiff's claim is supported by substantial evidence; (2) whether the ALJ and Appeals Council ("AC") properly considered and applied the opinions of Mr. Veltman's treating physician, Dr. Hallett; and (3) whether the ALJ properly considered the opinions of the VE.

A.    WHETHER THE ALJ PROPERLY CONSIDERED THE OPINIONS OF THE
      VOCATIONAL EXPERT

Plaintiff argues that the VE's testimony is inconsistent with the residual functional capacity ("RFC") determination made by the ALJ and that the ALJ failed to establish that the

jobs identified by the VE are available in significant numbers in the national economy and, as a result, was required to evaluate the factors set forth in *Trimiar v. Sullivan*.[8]

In response to the ALJ's hypothetical question, the VE testified that Plaintiff could perform three jobs: (1) surveillance systems monitor (DOT #379.367-010); (2) addresser (DOT #209.587-010); and (3) final assembler (DOT #713.687-018), and that 330,320 of these jobs existed in the national economy. Plaintiff argues that two of these jobs, that of surveillance systems monitor and addresser, are inconsistent with the ALJ's RFC determination. Defendant concedes that the DOT description of the surveillance systems monitor position conflicts with the ALJ's RFC assessment. Defendant contends, however, that the addresser position does not conflict with the RFC assessment.

As part of the ALJ's RFC assessment, the ALJ found that Plaintiff could not work with the general public and could have only minimal supervision and minimal interaction with supervisors and co-workers. Plaintiff contends that the description of the addresser job conflicts with this determination. In relation to the addresser job, the DOT states under "worker functions" that "people" functions are "not significant." Thus, the Court finds that VE's testimony that Plaintiff could perform work as an addresser is not inconsistent with the ALJ's RFC assessment.

Even if the addresser job did conflict with the ALJ's RFC assessment, the final assembler job remains. The VE testified that 101,840 final assembler jobs exist in the national economy. The Court finds that this number is sufficiently large to establish the requisite numerical significance. Therefore, the ALJ was not required to evaluate the factors set forth in *Trimiar*.

---

[8]966 F.3d 1326, 1330 (10th Cir. 1992).

During oral argument, Plaintiff, for the first time, raised the issue of whether a more thorough analysis of the VE's opinions should be conducted by the ALJ. While the Court recognizes Plaintiff's concern, this is not the appropriate avenue for raising such an argument. This issue was not raised before the ALJ below and was not fully addressed in the briefing before this Court. Further, the Court finds that this argument is inappropriate here because of the large number of jobs involved in this case.

B.    WHETHER THE ALJ AND AC PROPERLY CONSIDERED AND APPLIED THE OPINIONS OF MR. VELTMAN'S TREATING PHYSICIAN, DR. HALLETT

Plaintiff further alleges that the appropriate weight was not given to the opinions of Plaintiff's treating physician, Dr. Hallett. The Tenth Circuit has outlined the factors to be considered by the ALJ in determining what weight to give the opinion of the Plaintiff's treating physician:

> The ALJ must give "controlling weight" to the treating physician's opinion, provided that opinion is "well-supported . . . and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). We have said that a treating physician's opinion is not dispositive on the ultimate issue of disability. *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994). In addition to its consistency with other evidence, we examine a treating physician's opinion with several factors in mind: the length of the treatment relationship, the frequency of the examination, and the extent to which the opinion is supported by objective medical evidence. 20 C.F.R. § 404.1527(d)(2).[9]

Therefore, the ALJ is not bound to the treating physician's opinion on the Plaintiff's alleged disability if it is inconsistent with other substantial evidence in the record.

---

[9] *White v. Barnhart*, 287 F.3d 903, 907 (10th Cir. 2002).

5

In the ALJ's decision, she makes scant mention of Dr. Hallett's opinions.  The ALJ failed to discuss the weight she gave Dr. Hallett's opinions, whether she rejected Dr. Hallett's opinions, or whether she found Dr. Hallett's opinions inconsistent with the other evidence in the record. Lacking a discussion or findings concerning Dr. Hallett's opinions, the Court has no way of assessing whether the ALJ applied the correct legal standards with respect to the appropriate weight to be assigned to Dr. Hallett's opinion as a treating physician.  Therefore, this matter will be remanded to the ALJ to make these findings.

### III.  CONCLUSION

The Court finds that the number of jobs identified by the VE is sufficiently large to establish the requisite numerical significance.

The Court further finds that the ALJ's decision is deficient as it currently stands and that further findings must be made in order to fully evaluate Plaintiff's claims.  Therefore, the Court hereby REMANDS this case to the ALJ below for specific findings to be made on the following issue:

•       Consideration of Dr. Hallett's opinion as a treating physician, along with a determination of the appropriate weight to be given thereto.

DATED   July 13, 2006.

BY THE COURT:


_____
TED STEWART
United States District Judge

6