IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WINFRED VELTMAN,<br><br>  Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner of the Social Security Administration,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S EAJA PETITION FOR ATTORNEY'S FEES<br><br><br><br>Case No. 2:04-CV-993 TS |

  This matter is before the Court on Plaintiff's Petition for Attorney's Fees[1] under the Equal Access to Justice Act ("EAJA").[2]  The Commissioner opposes Plaintiff's Motion.

  Plaintiff was a prevailing party in his Social Security administrative appeal decided by this Court on July, 13, 2006.[3]  As part if its Memorandum Decision, the Court remanded this case to the Administrative Law Judge ("ALJ") in order for the ALJ to consider, and make proper findings regarding the weight to be assigned to the opinion of one of Plaintiff's treating physicians—Dr. Hallett.  The Court also found in favor of the Commissioner on the issue of

---

  [1]Docket No. 23.

  [2]28 U.S.C. § 2412.

  [3]Docket No. 21.  The Court notes that the Commissioner does not argue that Plaintiff was not a prevailing party.

whether the ALJ properly considered the opinions of a vocational expert.

The EAJA requires a court to award a prevailing party attorney's fees, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[4] The Commissioner has a burden to prove that her position was substantially justified in that it had a reasonable basis in both law and fact.[5]

Plaintiff, pursuant to his Motion, argues that the Commissioner does not meet the burden of substantial justification because this Court found that the ALJ failed to determine the appropriate weight given to the opinion of Plaintiff's treating physician.

The Commissioner sets forth several arguments in opposition.  First, the Commissioner cites to the Fourth Circuit for the proposition that

> when determining whether the government's position in a case is substantially justified, we look beyond the issue on which [Plaintiff] prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking the stance during the litigation.[6]

The Commissioner argues that, because there were only two alleged errors raised by Plaintiff on appeal to this Court, and because the Court agreed with the Commissioner on one of them, the government acted reasonably.  Next, the Commissioner, while agreeing that the ALJ did not expressly determine the appropriate weight to be given to Dr. Hallett's opinion, argues that the ALJ did consider, but rejected, Dr. Hallett's opinion, in part, because Dr. Hallet did not opine as to Plaintiff's residual functional capacity or whether Plaintiff was disabled until after the ALJ's decision was rendered.  The Commissioner asserts that the ALJ considered that evidence of Dr.

---

[4]*Id.* § 2412(d)(1)(A).

[5]*Gilbert v. Shalala*, 45 F.3d 1391, 1934 (10th Cir. 1995).

[6]*Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138 (4th Cir. 1993).

Hallett that was before her.  The Commissioner further emphasizes that the Appeals Council considered, but rejected Dr. Hallett's subsequently offered opinion.  Finally, the Commissioner argues that the issues presented by Plaintiff's action were close, and that reasonable arguments had been made by the Commissioner.

    The Court finds that the Commissioner has demonstrated that her position was substantially justified.  First, viewing the action as a whole, the Commissioner's position was reasonable as this Court found in her favor of one of the two issues before it, and because the Court merely remanded Plaintiff's action for the ALJ to further elaborate on a deficiency in the record which precluded proper review by this Court, as opposed to finding that Plaintiff was entitled to disability benefits.  Moreover, the Court is convinced by the Commissioner's arguments that the ALJ considered, at least to some degree, the opinion of Dr. Hallet.  Accordingly, it was reasonable in law and fact, for purposes of determining the propriety of an EAJA award, for the Commissioner to argue that Plaintiff's impairments were not disabling within the meaning of the Act.

    For the foregoing reasons, it is therefore

    ORDERED that Plaintiff's Motion for Attorney's Fees (Docket No. 23) is DENIED.

    DATED   March 1, 2007.

                                            BY THE COURT:

                                            _____
                                            TED STEWART
                                            United States District Judge